**COLUMBIA RECORD PRODUCTIONS, etc., Plaintiff–Appellee,**

v.

**HOT WAX RECORDS, INC., etc., Defendant,**

**and**

**Edward J. Holland, Defendant– Appellant (Two Cases).**

**Nos. 91–55429, 91–56013.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1992.

Decided June 8, 1992.

---

Raoul Y. Roth, Encino, Cal., for plaintiff-appellee.

Terran T. Steinhart, Los Angeles, Cal., for defendant-appellant.

Before: CANBY, REINHARDT and THOMPSON, Circuit Judges.

CANBY, Circuit Judge.

Edward J. Holland, Jr. appeals the district court's denial of his motion for relief from a magistrate judge's order under Rule 60(b) of the Federal Rules of Civil Procedure. He also challenges the magistrate judge's authority to enter the underlying order. We reverse.

This case arises from the efforts of Columbia Record Productions to enforce a judgment for $100,000 that it obtained against Holland in the United States District Court for the Eastern District of Michigan. Columbia, having discovered that Holland had assets in California, secured a writ of execution from the District Court for the Central District of California. Thereafter, Columbia moved that court for an order assigning assets, which motion was assigned to Magistrate Judge George H. King for decision. The magistrate judge issued an order assigning assets, but Columbia was unable to realize any recovery from it. It then discovered other assets and requested the magistrate judge to issue another order assigning assets of Holland. A second order was then issued, over opposition, by the magistrate judge. Holland filed a notice of appeal purporting to appeal that order to this court.[1] Holland also filed a Rule 60(b) motion with the district court, seeking relief from the magistrate judge's order. His motion asserted, among other grounds, that the magistrate judge had no power to enter the order, and that personal jurisdiction over Holland was

lacking because the affidavit of service of process was fraudulent.

The district court denied Holland's Rule 60(b) motion, and Holland appealed to this court.

## DISCUSSION

### A. *Authority to Act*

Since its enactment in 1968, the Federal Magistrates Act has permitted district courts to assign magistrate judge's certain described powers and duties, as well as such additional duties as are not inconsistent with the Constitution and laws of the United States. Pub.L. 90–578, 82 Stat. 1107 (current version at 28 U.S.C. § 631 *et seq.*). Our task is to determine whether this statute authorized Magistrate Judge George H. King to enter the assignment order in this case.

At the outset, we note that section 636(b)(1) provides no basis for the order. That provision only concerns pre-trial matters and some criminal proceedings, and therefore is inapplicable to this post-judgment assignment order. *See* 28 U.S.C. § 636(b)(1). Section 636(b)(2) also is irrelevant, as it only deals with special masters.

Section 636(c) conceivably could authorize the order, because it extends to all civil proceedings resulting in a final judgment. *See* 28 U.S.C. § 636(c)(1), (3). In this case, the magistrate judge's order effectively assigned priorities among Holland's creditors[2] and thus qualifies as a final order. *See King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1184–85 (7th Cir.1987). Accordingly, Columbia will prevail under this section if: (1) the district court specially designated the magistrate judge to exercise jurisdiction; and (2) the parties consented to the magistrate judge's authority. 28 U.S.C. § 636(c)(1).

---

**1.** Our decision that the magistrate judge lacked power to enter a final order of assignment casts great doubt on the efficacy of this first notice of appeal. We need not determine the effect of that notice, however, because we conclude that Holland's appeal from denial of the district

court's Rule 60(b) motion suffices to bring before us both the validity of the Rule 60(b) order and the validity of the magistrate judge's assignment order.

**2.** *See* Cal.Civ.Code § 955.1.

Although no individual district judge designated Magistrate Judge King to exercise jurisdiction, we must consider the possibility of designation under the local rules. *See* Fed.R.Civ.P. 73(a). Under Local Rule 1.7.03, magistrate judges are authorized to preside over all supplementary proceedings covered by Rule 69 of the Federal Rules of Civil Procedure. Nevertheless, the local rule's very terms undermine the designation argument. The rule states: "[t]he full-time Magistrates are authorized to hear and determine the following pursuant to 28 U.S.C. Sec. 636(b)(1)(A) ..." Local Rule 1.7. Section 636(b)(1) appears to contemplate review by the district judge in the first instance, rather than an appeal to this court. *See King*, 825 F.2d at 1185. The designation argument therefore is untenable. Moreover, our review of the record discloses no affirmative statement of consent. The magistrate judge thus lacked authority to enter a dispositive order. *See Alaniz v. California Processors, Inc.*, 690 F.2d 717, 720 (9th Cir.1982) (holding that the parties must give clear and unambiguous consent to jurisdiction); *see also* Local Rule 6.6.

Columbia Record Productions nevertheless maintains that the order was permissible under 28 U.S.C. § 636(b)(3). According to Columbia, entry of the assignment order was merely an additional duty that magistrate judges perform in accord with federal law and the Constitution. This interpretation does not comport with section 636(c), which provides that a decision with a dispositive effect on the parties cannot be made without their signed consent. We decline to upset the statutory scheme, and hold that section 636(b)(3) did not authorize the magistrate judge to enter the order.

Having failed to find a statutory basis for the magistrate judge's order, we conclude that he lacked authority to enter it. We accordingly vacate that order and remand the matter to the district court.

B. *Rule 60 Motion*

The conclusion we have just reached also has implications for the order denying relief under Rule 60(b) of the Federal Rules of Civil Procedure. The district judge's action was implicitly conditioned on the validity of the underlying assignment order. Because that order was invalid, we must vacate the subsequent Rule 60 order as well. We accordingly remand the entire case for decision by the district court. On remand, the district court may consider the issues formerly raised in the Rule 60(b) motion, including those contesting personal jurisdiction, along with such other matters as it deems appropriate.

REVERSED; ORDERS VACATED; REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.