980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hulen T. HARRELL, Plaintiff-Appellant,
v.
J.W. HUSKEY, Warden, et al., Defendant-Appellee.
 No. 92-15995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hulen Harrell, a California state prisoner, appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for relief from the magistrate judge's stay of Harrell's 42 U.S.C. § 1983 action against prison officials and staff. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a Rule 60(b) motion for abuse of discretion, Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829 (1986), and we vacate and remand.
 
 
 3
 Harrell filed a 42 U.S.C. § 1983 action against prison officials and staff seeking damages and injunctive relief on the ground that prison officials and staff violated his constitutional rights. Harrell alleged he was denied due process when (1) the state court issued an amended judgment extending his prison term after he had been released on parole, (2) his second parole release date was canceled, and (3) he was denied sentence credit in a disciplinary hearing for refusing to work. Pursuant to 28 U.S.C. § 636, the district court clerk entered an order referring the action to a magistrate judge "to conduct all pretrial matters and to submit a report and recommendation for final determination to the assigned Judge." After determining Harrell's civil right action challenged the legality and duration of Harrell's custody, the magistrate judge stayed the action pending Harrell's exhaustion of state remedies. See Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 4
 Harrell moved to vacate the magistrate judge's order. The district court reviewed the magistrate judge's order under the "clearly erroneous" standard of E.D.Cal.Local Rule 304(f). The district court found the magistrate judge's stay of Harrell's action to be neither clearly erroneous nor contrary to law and denied Harrell's motion for relief.
 
 
 5
 On appeal, Harrell contends the district court erred by denying Harrell's motion for relief because the magistrate exceeded his authority under 28 U.S.C. § 636 by staying Harrell's action. This contention has merit.
 
 
 6
 "The power of federal magistrates is limited." Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992). Where parties do not consent to an exercise of plenary authority by the magistrate judge pursuant to 28 U.S.C. § 636(c), the magistrate is limited to the power granted under 28 U.S.C. § 636(b)(1). Id. Where a magistrate judge enters an order staying a 42 U.S.C. § 1983 action for plaintiff's failure to exhaust state remedies by filing a writ of habeas corpus, "in the absence of the parties' consent on the record to the magistrate's exercise of such powers, that order [is] beyond the authority." Id.
 
 
 7
 Here, the magistrate judge acted beyond his authority by entering a stay order, because Harrell did not consent to the magistrate judge's exercise of such authority. See id. at 416-17; see also Columbia Record Prod. v. Hot Wax Records, Inc., 966 F.2d 515, 517 (9th Cir.1992). Therefore, the district court's order is vacated and the matter remanded to the district court with instructions to vacate the magistrate judge's order and consider the merits of the magistrate judge's recommendation that the case be stayed. See Reynaga, 971 F.2d at 416-17.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3