ESTATE OF Marilyn Marie CONNERS, by its administrator, Howard MEREDITH; Howard Meredith; Lillian Beatty, individuals, as sole heirs of Marilyn Marie Conners, Plaintiffs–Appellees, Cross–Appellants,

v.

Dennis M. O'CONNOR; Thaddeus Kostrubala, Defendants–Appellants, Cross–Appellees.

Nos. 92–15241, 92–16414, 92–16775 and 92–16917.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1993.

Decided Oct. 4, 1993.

Paul T. Hammerness, Deputy Atty. Gen., San Francisco, CA, for defendants-appellants, cross-appellees.

Amitai Schwartz, John H. Scott, San Francisco, CA, Robert M. Brown, Brown & Finney, Tahoe City, CA, for plaintiffs-appellees, cross-appellants.

Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge.

CANBY, Circuit Judge:

These appeals present the question whether 28 U.S.C. § 636(b)(1)(A) empowers a federal magistrate judge to enter a final order on a post-judgment motion for attorney's fees. We hold that it does not.[1]

## I. PROCEDURAL BACKGROUND

Following a jury verdict in their favor in a civil rights action under 42 U.S.C. § 1983, the plaintiffs filed a motion for an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. The district court ordered the motion referred to a magistrate judge;

the court's order did not specify the subparagraph of 28 U.S.C. § 636 pursuant to which the reference was made. The magistrate considered the motion and issued findings of fact and conclusions of law, which stated in part:

> A motion for an award of attorneys' fees and costs is not dispositive of a claim or defense of a party, nor is it a motion which may be referred to a Magistrate Judge only for a report and recommendation. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A) and (B). Accordingly, the undersigned determines and disposes of the motion herein, subject to reconsideration by the District Judge if the order is clearly erroneous. *Id.*; N.D.Cal.R. 410–2(a).

The magistrate entered an order awarding attorney's fees and costs to the plaintiffs in the amount of $340,323.94. The defendants filed a timely motion for reconsideration of the magistrate's order. *See* N.D.Cal.Local R. 410–2(a) (a party has ten days to file a motion for reconsideration by the district judge of an order entered by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)). Because the district court did not act within thirty days on the motion for reconsideration, it was deemed denied. *See* N.D.Cal.Local R. 410–2(a). The defendants then filed a notice of appeal purporting to appeal the magistrate's order to this court.

The parties subsequently developed doubts about whether the magistrate judge had the authority to enter a final, appealable order; if she did not, this court would not have jurisdiction under 28 U.S.C. § 1291 to entertain the defendants' appeal. To avoid this potential jurisdictional problem, the parties submitted to the district court a "Joint Application for Clarification of Order Awarding Attorneys' Fees and/or For Judgment Awarding Attorneys' Fees and Costs." Responding to this application, the district judge stated that:

> The Magistrate Judge and this Court both believed [the Magistrate Judge's] findings

---

* The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

1. We dispose of the other issues raised in these consolidated appeals in a memorandum disposition filed simultaneously with this opinion.

to be final and appealable, subject to reconsideration by the District Judge only if the order was clearly erroneous. Although timely objections were received by [sic] defendants, the District Court allowed the thirty day time period to run, thereby deeming defendants' Motion for Reconsideration of the Findings to be denied.

Nevertheless, to avoid delaying appellate review of the fee award, the district judge agreed to review de novo the magistrate judge's order. Upon conducting this review, the district court reduced the award to $315,433.94. The parties cross-appealed from the district court's judgment.

## II. DISCUSSION

■ The plaintiffs contend that the defendants' filing of a notice of appeal from the magistrate's order divested the district court of jurisdiction to review that order. Accordingly, they assert that the district court's order reducing the magistrate's fee award is a nullity. We disagree.

■ As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). This transfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order. *See id.* (citing *Ruby v. Secretary of the Navy,* 365 F.2d 385, 389 (9th Cir.1966) (en banc), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967)); *United States v. Garner,* 663 F.2d 834, 838 (9th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982). Thus, the question before us is whether the magistrate judge's order awarding attorney's fees to the plaintiffs was final and appealable under 28 U.S.C. § 1291.

The power of federal magistrate judges is limited by 28 U.S.C. § 636. *Reynaga v. Cammisa,* 971 F.2d 414, 416 (9th Cir.1992).

Upon special designation by the district court and with the consent of the parties, a magistrate judge may conduct "any or all proceedings in a jury or a nonjury civil matter and order the entry of judgment in the case[.]" 28 U.S.C. § 636(c). Here, however, the parties did not consent to the magistrate's exercise of plenary authority over the motion for attorney's fees; "that officer's power [therefore] was confined to the authority granted by 28 U.S.C. § 636(b)(1)." *See Reynaga,* 971 F.2d at 416; *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982) (clear and unambiguous statement of parties' consent must be on the record to vest magistrate with authority to enter dispositive orders under section 636(c)).

Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any *nondispositive pretrial* matter pending before the court. Pursuant to section 636(b)(1)(B), a district judge may authorize a magistrate judge to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact, and recommendations for the disposition" of motions that the magistrate cannot dispose of under section 636(b)(1)(A). "The primary difference between subsections 1(A) and 1(B) is that the former allows the magistrate to 'determine' the matter (subject to the review of the district court for clear or legal error) while the latter allows the magistrate only to submit 'proposed findings and recommendations' for the district court's *de novo* review." *Reynaga,* 971 F.2d at 416 (quoting 28 U.S.C. § 636(b)(1)). "Under neither section may a magistrate issue a final order directly appealable to the court of appeals[.]" *Id.*

Here, the magistrate did not submit proposed findings and recommendations to the district court; instead, she purported to "determine[ ] and dispose[ ] of the motion ... subject to reconsideration by the District Judge if the order is clearly erroneous." The magistrate judge could so act only pursuant to section 636(b)(1)(A). We conclude, however, that she lacked authority under that section because the motion she was de-

termining was neither "pretrial" nor "nondispositive."

The plaintiffs acknowledge that their motion for attorney's fees was not temporally a pretrial matter, but they argue that the magistrate properly considered it under section 636(b)(1)(A) because an award of attorney's fees is separable from the claims pursued at trial. We reject this argument. First, we cannot simply ignore the plain language of section 636(b)(1)(A), which authorizes magistrates to hear and determine only pretrial matters. Indeed, we previously have held that section 636(b)(1) does not authorize a magistrate to enter a post-judgment order. *Columbia Record Prods. v. Hot Wax Records, Inc.*, 966 F.2d 515, 516 (9th Cir.1992) (noting that section 636(b)(1) "only concerns pre-trial matters and some criminal proceedings, and therefore is inapplicable to this post-judgment assignment order"); *accord Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir.1989) ("absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c)[,]" magistrate judge is not authorized to enter a final, appealable post-judgment order); *Gleason v. Secretary of Health & Human Servs.*, 777 F.2d 1324, 1324 (8th Cir.1985) (section 636(b) does not authorize a magistrate to enter a final, appealable order granting attorney's fees).

■ Moreover, because the plaintiffs sought a determination of their claim for attorney's fees, their motion was dispositive of a claim of a party. Such dispositive motions are excluded from the reach of section 636(b)(1)(A). *See Reynaga*, 971 F.2d at 416; *Taylor v. Oxford*, 575 F.2d 152, 154 (7th Cir.1978) ("it was not intended that the magistrate would have the power to hear and determine dispositive motions[; i]t was only intended that a judge could assign a dispositive motion to a magistrate for hearing and submission of proposed findings and recommendation to the judge for ultimate disposition"). Similarly, by its own terms, the local rule at issue here applies only to magistrate orders entered under section 636(b)(1)(A) that determine "Nondispositive Pretrial Matters." *See* N.D.Cal.Local R. 410–2(a). We conclude that the magistrate was not authorized under section 636(b)(1)(A) to enter a final order on the plaintiffs' motion for attorney's fees because the motion did not involve a nondispositive pretrial matter. The magistrate's error, however, was cured by the district court's later de novo review of the magistrate's findings and conclusions, and the court's entry of its own order awarding attorney's fees and costs.[2]

Accordingly, because the magistrate did not have the authority to enter a final order, the defendants' notice of appeal from that order was a nullity and did not divest the district court of jurisdiction. *See Garner*, 663 F.2d at 838; *Ruby*, 365 F.2d at 389. We acquired jurisdiction by the filing of notices

---

2. Because the motion for attorney's fees and costs was not a pretrial matter, section 636 does not expressly allow the district court to refer it to a magistrate without the consent of the parties. *See Columbia Record Prods.*, 966 F.2d at 516–17 (only section 636(c), which requires an affirmative statement of consent by the parties, authorizes magistrates to handle post-judgment matters). We need not decide whether a reference was permissible, however, because neither party has challenged the district court's decision to refer the motion to a magistrate. We conclude that, because the district court exercised de novo review of the magistrate's findings and conclusions, the parties suffered no prejudice, and the error, if any was committed, was therefore harmless. *Cf. King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir.1987) (observing that "[n]o provision expressly authorizes the judge to assign a magistrate to post-judgment proceedings, although we can think of no good reason not to allow such assignments and the statute does have a catch-all section: 'A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States[;]' " reasoning therefore that a magistrate could issue an order in a post-judgment proceeding that would be appealable to the district judge) (quoting 28 U.S.C. § 636(b)(3)); *accord Colorado Bldg. & Constr.*, 879 F.2d at 811 (noting that courts have "consistently recognized that a magistrate exercising additional duties jurisdiction [under section 636(b)(3) ] remains constantly subject to the inherent supervisory power of the district judge and the judge retains the ultimate responsibility for decision making in every instance") (quotations omitted) (collecting cases).

of appeal from the district court's later fee order. 28 U.S.C. § 1291. The district court's award of attorney's fees is

**AFFIRMED.**[3]

---

**3.** The merits of the fee award are addressed in our accompanying memorandum disposition.