**Brian S. FAILE, Petitioner–Appellant,**

v.

**Sherman HATCHER, Warden,
Respondent–Appellee.**

No. 99–17668.
D.C. No. CV–96–00600–JBR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2001 San
Francisco, California *.

Decided July 5, 2001.

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

### MEMORANDUM **

Brian Faile appeals the Magistrate Judge's order denying his motion for

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

release from state custody. The Judge denied the motion because Faile had completed his sentence and the state court had set a briefing schedule for his state habeas hearing. This Court does not have jurisdiction to hear Faile's appeal. Generally, courts of appeals may only consider cases when there has been a final decision in the court below. 28 U.S.C. § 1291. Absent explicit consent of the parties or authorization by the district court, magistrate judges do not have authority to issue final appealable decisions in habeas cases. 28 U.S.C. § 636; Nevada Local Rule 1B 1–4; *Columbia Record Prods. v. Hot Wax Records, Inc.*, 966 F.2d 515, 516 (9th Cir.1992). In Faile's case, the District Court never expressly adopted the findings of the Magistrate Judge for the relevant order. Therefore, there was no final appealable decision.

█ Faile argues that the District Court implicitly adopted the Magistrate Judge's order when the court issued a Certificate of Appealability (COA). We need not determine the District Court's intent, however, because Faile filed his notice of appeal before the District Court issued the COA. A notice of appeal from a magistrate judge's report and recommendation that precedes the district court's judgment is not effective. *Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir.1993).

DISMISSED.