**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan Jose AMARRA–HERRARTE,
Defendant—Appellant.**

No. 03–50571.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 10, 2005.

U.S. Attorney, Kevin M. Mulcahy, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gerald T. McFadden, Esq., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

Juan Jose Amarra–Herrarte appeals his conviction and 70–month sentence for illegal re-entry into the United States in violation of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the facts, we do not recite them in detail.

 Amarra–Herrarte first claims that the district court erred in refusing to dismiss his indictment because the underlying deportation order was constitutionally defective. Amarra–Herrarte is barred from raising this claim because the IJ did not fail to inform him of any relief for which he was potentially eligible, and he therefore validly waived his right to appeal the underlying deportation.[1] Amarra–Herrarte was not eligible for relief under section 212(h) because his prior deportation was not based solely on his conviction for an aggravated felony.[2] It was also

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. See United States v. Muro–Inclan, 249 F.3d 1180, 1182 (9th Cir.2001) (quoting United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir.2000)).

2. See United States v. Arce–Hernandez, 163 F.3d 559, 563 (9th Cir.1998).

based on the uncontested fact that he.entered the country without inspection. Amarra–Herrarte was also ineligible for relief under section 245(a) because he was neither "inspected and admitted" nor "paroled" into the country.[3] We therefore need not reach Amarra–Herrarte's claims of extreme hardship.

Second, Amarra–Herrarte's interlocutory appeal did not rob the district court of jurisdiction to try the case. His appeal was properly dismissed for lack of jurisdiction because he appealed from a non-final order. An appeal from an unappealable order does not divest a district court of jurisdiction.[4]

There was no error in the district court's refusals to grant Amarra–Herrarte's request for new counsel on the morning of trial. In addition to the lateness of the request, Amarra–Herrarte never articulated specific reasons for his request despite the district court's detailed and thorough inquiries. Further, the record demonstrates that Amarra–Herrarte and his lawyer were able to and did communicate. There is also nothing in the record to indicate that the district court abused its discretion in refusing Amarra–Herrarte's post-trial requests for continuances. These requests, made in the middle of the sentencing hearing, did not present the district court with any reason that would make their denial an abuse of discretion.

Amarra–Herrarte's claim that the district court erred in enhancing his sentence 16 levels based on his prior conviction for a crime of violence is meritless. California Penal Code section 211 is a categorical crime of violence under Guideline § 2L1.2 because it is indistinguishable from common law robbery.[5] Moreover, we have held that "any offense listed in ... the application notes to section 2L1.2 is inherently deemed to be a 'crime of violence,' regardless of whether the threatened use of force against the person of another ... is an element of the given offense."[6]

As Amarra–Herrarte recognizes, his claim that the government was required to allege his prior felony in the indictment and prove it to a jury beyond a reasonable doubt is precluded by Circuit precedent.[7] His claim that the government was required to plead and prove the sentencing enhancements fails under the same precedent.

Amarra–Herrarte correctly contends that the district court's application of the sentencing guidelines as mandatory was plain error.[8] We therefore grant a limited remand to allow the district court to determine whether it would have imposed a "materially different" sentenced had it viewed the Guidelines as advisory, and to re-sentence if knowledge that the Guidelines were advisory would have led to

3. *See* 8 C.F.R. § 1245.1(b)(3).

4. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir.1993).

5. *See United States v. Melton*, 344 F.3d 1021, 1025–26 (9th Cir.2003) (explaining that common law robbery on its face, "has as an element the use or threatened use of physical force"); *see also United States v. McDougherty*, 920 F.2d 569, 573–74 (9th Cir.1990).

6. *United States v. Granbois*, 376 F.3d 993, 996 (9th Cir.2004).

7. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000).

8. *See United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

a different sentence.[9]

AFFIRMED, and sentence REMANDED.