**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN V. COLEN, | No. 08-55978 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01359-RSWL-RNB |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

        John V. Colen appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action for failure to prosecute.  We have jurisdiction pursuant

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

to 28 U.S.C. § 1291. We review for abuse of discretion, *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by dismissing the action, without prejudice, after warning Colen to comply with Federal Rule of Civil Procedure 4(m) and timely serve defendants, providing him an opportunity to demonstrate good cause when he failed to do so, and properly weighing the pertinent factors for dismissal. *See Oyama v. Sheenan (In re Sheehan)*, 253 F.3d 507, 512 (9th Cir. 2001) (affirming lower court's holding that there was no good cause shown to extend the service period where plaintiff failed to show party to be served received actual notice of the lawsuit, that defendant would suffer no prejudice, and that plaintiff would be severely prejudiced if his complaint were dismissed); *Pagtalunan*, 291 F.3d at 642-43 (discussing factors that courts must consider in determining whether to dismiss for failure to prosecute or to comply with a court order).

The district court properly determined that Colen's attempt to appeal from a nonappealable order did not divest the district court of jurisdiction or toll the time-period for effectuating service, especially in light of the district court's explicit warnings to Colen that it retained jurisdiction. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (stating that filing a notice of appeal from a

nonappealable order does not effect a transfer of jurisdiction from the district court to the court of appeals).

Colen's remaining contentions are unpersuasive.

**AFFIRMED.**