**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS RASMUSSEN,

             Plaintiff - Appellant,

v.

BANK OF AMERICA, N.A., sucessor by merger to Successor BAC Home Loans Servicing, LP; RECONTRUST COMPANY, NA,

             Defendants - Appellees.

No. 13-35108

D.C. No. 6:12-cv-00057-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND , Circuit Judges.

       Thomas Rasmussen appeals pro se from the district court's judgment

dismissing his action alleging federal claims related to the foreclosure of his home.

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014), and for an abuse of discretion a denial of a motion for leave to file an amended complaint, *see Metzler Inc. v. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008). We affirm.

The district court properly dismissed Rasmussen's Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims as barred by the statute of limitations, and Rasmussen failed to plead facts demonstrating that equitable tolling should apply. *See* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of RESPA); 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (equitable tolling applies where "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Rasmussen's motion for leave to file an amended complaint because the only viable claim in the proposed complaint was a state law breach of contract claim, and the district court indicated that it would decline to exercise supplemental jurisdiction over that

13-35108

claim. *See Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (no abuse of discretion in denying leave to amend when amendment would be futile); *see also Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining state claims."). Contrary to Rasmussen's assertions, the district court did not dismiss his proposed breach of contract claim with prejudice.

Contrary to Rasmussen's contention that the magistrate judge lacked jurisdiction to issue findings and recommendation, Rasmussen's consent to the magistrate judge's designation was not required because the magistrate judge did not enter dispositive orders. *See* 28 U.S.C. § 636(b)(1)(B); *see also Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)). The district court properly conducted a de novo review of the magistrate judge's findings and recommendations and Rasmussen's objections thereto, and entered final judgment. *See* 28 U.S.C. § 636(b)(1)(C).

**AFFIRMED.**