**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6129**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNIE RAY MOORE,

Defendant - Appellant.

**No. 17-6564**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNIE RAY MOORE,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta Copeland Biggs, District Judge. (1:15-cr-00216-LCB-1; 1:16-cv-01254-LCB-LPA)

Submitted: July 20, 2017                    Decided: July 24, 2017

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Johnnie Ray Moore, Appellant Pro Se. Angela Hewlett Miller, Assistant United States Attorney, Kristin Jo Uicker, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Johnny Ray Moore seeks to appeal the district court's order accepting the recommendation of the magistrate judge to deny relief on Moore's 28 U.S.C. § 2255 (2012) motion and the magistrate judge's postjudgment order denying Moore's request for a transcript and other documents at government expense. Moore also petitions for a writ of mandamus, seeking an order directing the district court to provide the requested materials at government expense.

As to the denial of § 2255 relief, the court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Moore has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of that order.

Turning to the magistrate judge's order denying Moore's request for materials at government expense, this court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). A magistrate judge's order generally is not a final order subject to immediate appeal. *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004). Here, the magistrate judge did not have jurisdiction to enter a final, appealable postjudgment order. *See* 28 U.S.C. § 636 (2012); *Estate of Conners v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993). Because the order Moore seeks to appeal is neither a final order nor an appealable interlocutory or collateral order, we lack jurisdiction to consider his appeal of that order.

Finally, Moore's mandamus petition seeks an order directing the district court to provide him with documents from his criminal proceedings and a transcript of the plea hearing at government expense. Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n,* 860 F.2d 135, 138 (4th Cir. 1988). Because Moore fails to demonstrate a need for the documents he requests, we conclude that he is not entitled to mandamus relief.

Accordingly, we deny Moore's petition for a writ of mandamus, deny a certificate of appealability, and dismiss the appeals. We also deny Moore's motions for reconsideration. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*