**NOT FOR PUBLICATION**

**FILED**

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN RENE MOORE, | No. 18-55768 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04828-ODW-GJS |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Ivan Rene Moore appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional and statutory

violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal on the basis of res judicata, *Mpoyo v. Litton Electro–Optical Sys.*, 430

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 985, 987 (9th Cir. 2005), and for an abuse of discretion a pre-filing order, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir. 2007). We affirm.

The district court properly dismissed as barred by res judicata Moore's federal claim against defendants Wells Fargo Bank, N.A., Asset Reliance, Inc., Hansen, and Testo. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (elements of res judicata).

The district court did not abuse its discretion in declaring Moore to be a vexatious litigant and imposing pre-filing restrictions because the district court gave Moore notice and the opportunity to oppose the pre-filing order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski*, 500 F.3d at 1056-58 (setting forth factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant). Contrary to Moore's contentions, the magistrate judge did not act without jurisdiction because the district judge entered the final order, *see* 28 U.S.C. § 636(b)(1); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)), and the district court's pre-filing restrictions on

Moore's future filings are specific and clear.

The district court did not abuse its discretion by denying Moore's request for recusal of the magistrate judge because Moore failed to establish extrajudicial bias or prejudice.  *See* 28 U.S.C. § 144 (requirements for recusal); § 455 (circumstances requiring recusal); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (standard of review; "recusal will be justified either by actual bias or the appearance of bias").

To the extent Moore challenges the district court's judgment as a representative of third party bailors, the appeal is dismissed because Moore, as a non-attorney, "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's request for oral argument, set forth in his opening brief, is denied.

Moore's request for an extension of time to file a reply brief (Docket Entry No. 19) is denied.

**AFFIRMED.**

18-55768