**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN M. FITTEN,

        Plaintiff-Appellant,

  v.

CHRISTINE WORMUTH, Secretary of the Army,

        Defendant-Appellee.

No. 22-15075

D.C. No. 2:21-cv-00513-TLN-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

     Steven M. Fitten appeals pro se from the district court's judgment dismissing his employment action alleging discrimination and retaliation under Title VII, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal on the basis of the applicable statute of limitations. *O'Donnell v. Vencor Inc.,* 466 F.3d 1104, 1109 (9th Cir. 2006). We affirm.

The district court properly dismissed Fitten's Title VII and ADEA claims as time-barred because Fitten did not file within 90 days of receiving notice of the Army's final action and failed to establish grounds for equitable tolling. *See* 42 U.S.C. § 2000e-16(c); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (explaining that the 90-day period operates as a limitations period; if a litigant does not file suit within 90 days of delivery of the notice of the right to sue, the action is time-barred); *see also Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (equitable tolling only applies when a litigant shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (setting forth standard of review for equitable tolling decisions).

Contrary to Fitten's contention, Fitten's consent to the magistrate judge's designation was not required because the magistrate judge issued only findings and recommendations and not dispositive orders, and the district judge properly conducted a de novo review of the magistrate judge's uncontested findings and recommendations and entered final judgment. *See* 28 U.S.C. § 636(b)(1)(B), (C); *see also Est. of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993)

(discussing scope of magistrate judge's authority under § 636(b)(1)(B)).

**AFFIRMED.**