NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUDREY E. KRAMER,

Plaintiff-Appellant,

v.

JPMORGAN CHASE BANK, N.A.; KENT F. LARSEN; SMITH, LARSEN & WIXOM,

Defendants-Appellees.

No. 22-16690

D.C. No. 2:21-cv-01585-RFB-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted February 21, 2024**

Before:     FERNANDEZ, NGUYEN, and OWENS, Circuit Judges.

Audrey E. Kramer appeals pro se from the district court's judgment

dismissing her action brought under Federal Rule of Civil Procedure 60(d)(3)

alleging fraud claims related to foreclosure proceedings.  We have jurisdiction

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Kramer's request for oral argument, set forth in the opening brief, is denied.

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal on the basis of claim preclusion.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).  We affirm.

The district court properly dismissed Kramer's action as barred by claim preclusion because Kramer raised identical claims in her prior federal action, which involved the same parties or their privies, and resulted in a final judgment on the merits.  *See id.* (setting forth elements of federal claim preclusion); *see also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (explaining identical claims for purposes of claim preclusion); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081-82 (9th Cir. 2003) (explaining privity for purposes of claim preclusion).

The district court did not abuse its discretion by staying discovery pending the outcome of the motions to dismiss because Kramer did not demonstrate how her failure to obtain discovery resulted in actual and substantial prejudice.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home*

22-16690

*Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion by denying Kramer's motion for reconsideration because Kramer failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration); *see also United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (explaining that a notice of appeal does not divest the district court of jurisdiction at the time it is filed if there is a pending motion for reconsideration).

We reject as without merit Kramer's contention that the involvement of a magistrate judge was improper. The magistrate judge did not enter dispositive orders, and the district judge properly conducted a de novo review of the magistrate judge's report and recommendation and the parties' objections, and entered final judgment. *See* 28 U.S.C. §§ 636(b)(1)(B)-(C); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not

consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Kramer's motion to file multiple supplemental reply briefs (Docket Entry No. 56) is granted. The Clerk will file the reply briefs submitted at Docket Entry Nos. 54 and 55. Kramer's opposed motion for judicial notice (Docket Entry No. 12) is denied.

**AFFIRMED.**

22-16690