NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE CHACON, Jr., | No. 21-55182 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01898-JWH-KS |
| v. | |
| RALPH DIAZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted March 11, 2025[**]

Before: O'SCANNLAIN, S.R. THOMAS, and N.R. SMITH, Circuit Judges.

Former California state prisoner Jesse Chacon, Jr. appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. § 1983 alleging that defendants violated his right to freedom of association and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Chacon's expressive association claim because Chacon failed to show that Birdsong's denial of his group grievances was not rationally related to a legitimate penological interest.  *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (explaining that where a challenged decision "bear[s] a rational relation to legitimate penological interests" that "suffices to sustain" the decision and "[w]e need not . . . define the asserted right of association . . . or determine the extent to which it survives incarceration"); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court properly dismissed Chacon's retaliation claims related to his group grievances because he failed to plausibly allege that defendants acted with a retaliatory motive or that their conduct did not advance a legitimate penological interest.  *See Johnson v. Ryan*, 55 F.4th 1167, 1201 (9th Cir. 2022) (setting forth requirements of a retaliation claim in the prison context).  Chacon did not allege any facts indicating that the defendants who passed the statewide regulation knew about the group grievances and lawsuits, let alone that they

intended to retaliate for them. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is insufficient.").

The district court also correctly dismissed Chacon's claim of conspiracy because he did not allege any facts supporting the inference that the defendants agreed to deprive him of his First Amendment rights. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) ("To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights" (quoting *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999))). Accordingly, the district court was also correct to dismiss all claims against defendant Armenta because Chacon did not allege that Armenta was involved in a conspiracy, nor that she was individually involved in any of the alleged harms. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires "a showing of personal participation in the alleged rights deprivation"). Chacon alleged only that Armenta denied a group grievance, but not that Armenta denied his grievance.

The district court did not abuse its discretion in denying Chacon's motion to transfer venue because the Central District of California is where Chacon resides, the events at issue took place, and relevant evidence and witnesses are located. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-99 (9th Cir. 2000) (finding no

3

abuse of discretion in the denial of a motion to transfer venue based on, among other things, where the events at issue occurred and the relevant witnesses and sources of proof were located); *see also* 28 U.S.C. § 1404(a).

Chacon has not identified error in the district court's designation of a magistrate judge to hear and decide nondispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)).

Chacon has not raised on appeal any argument concerning the district court's dismissal of his state-law claims or his claims for declaratory and injunctive relief, and we therefore do not address them. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (explaining that arguments "omitted from the opening brief are deemed forfeited"). We also do not consider Chacon's claim of content and viewpoint discrimination in his opening brief because he did not allege that claim in his complaint. *See* Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain a "short and plain statement of the claim"); *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996) (declining to consider on appeal claims that complaint contained only "a passing reference to").

**AFFIRMED.**[1]

---

[1] Chacon's motion for appointment of counsel on appeal, Dkt. 18, is DENIED.