[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 03, 2002
THOMAS K. KAHN
CLERK

————————————————

No.01-16629
Non-Argument Calendar

————————————————

D.C. Docket No. 00-00469-CV-TWT-1

JAMES W. SWAN,

Movant-Appellant,

C. T. AKINS,

Plaintiff,

versus

WALTER S. RAY,
ROY M. BARNES,

Defendants-Appellees,

BOBBY K. WHITWORTH, et al.,

Defendants.

————————————————

Appeal from the United States District Court for the
Northern District of Georgia

————————————————

**(May 3, 2002)**

Before EDMONDSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

James T. Swan appeals the district court's order denying his motion for joinder to an action filed by another inmate, C.T. Akins. In the lawsuit brought by Akins which Swan had unsuccessfully attempted to join, Akins sought to enforce our earlier decision in Akins v. Snow, 922 F.2d 1558 (11th Cir. 1991), where we held that the 1985 amendment to the rules promulgated by the Georgia's Board of Pardons which increased the interval between proceedings to reconsider for parole those inmates serving life sentences after their initial denial of parole was a violation of the Ex Post Facto Clause of the Constitution.

After being successful in the first lawsuit, Akins filed his second suit under 42 U.S.C. § 1983, seeking to enforce the earlier decision granting him annual reconsideration among other things. In his second lawsuit, the State of Georgia consented to a permanent injunction in which it would give Akins an annual reconsideration, and the district court entered final judgment on August 20, 2001. After final judgment had been entered in Akins' second lawsuit, Swan moved to join it. The district court denied Swan's motion because Swan had not been a party to the first lawsuit filed by Akins and thus the issues Swan raised were not common to those raised in Akins' second lawsuit and because Swan had filed his

motion after the entry of judgment in Akins' lawsuit. Swan contends that neither reason warrants the denial of his motion and that such denial is an abuse of discretion. We disagree.

We review the district court's denial of a motion only for joinder for abuse of discretion. See Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1322 (11th Cir. 2000). The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices. See In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) ("[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." (internal quotation marks and citations omitted)). In this case, the court's decision to deny joinder falls squarely within its range of permissible choices.

A district court may join a person to an action when the person seeking joinder asserts a right to relief jointly, severally, or in the alternative with the party who filed the action, that right to relief arises from the same underlying transaction or series of transactions, and the claims have a common factual or legal basis. Fed. R. Civ. P. 20(a). In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to "promote trial convenience and expedite

3

the resolution of disputes, thereby eliminating unnecessary lawsuits." <u>Alexander</u>, 207 F.3d at 1323.

A review of the record and arguments in Swan's case lead us to conclude that his claims must be tried in a separate proceeding and that joinder is inappropriate and would add nothing to judicial efficiency. First, Swan does not have a right to the same injunctive relief as Akins claimed in his second lawsuit, the one Swan wanted to join. In that lawsuit, Akins enforced an earlier decision he had obtained. Because Swan was not a party to Akins' first lawsuit, he was not eligible for the injunctive relief sought by Akins in his second lawsuit. Accordingly, Swan cannot satisfy the requirements of Federal Rules of Civil Procedure 20(a).

Second, Swan may not be entitled to the same relief granted in Akins' first lawsuit and enforced by Akins in his second lawsuit—annual parole reconsideration. After we decided <u>Akins</u>, the Supreme Court in <u>Garner v. Jones</u>, 529 U.S. 244, 257, 120 S. Ct. 1362, 1371 (2000), overruled <u>Akins</u>, holding that retroactive application of the 1985 amendment to the schedule of parole reconsideration does not necessarily violate the Ex Post Facto Clause. Under <u>Garner</u>, if the 1985 amendment violates the Ex Post Facto Clause, it is because application of that amendment to a particular inmate and that inmate's sentence

4

creates a significant risk of increasing the sentence. <u>Garner</u>, 529 U.S. at 255, 120 S. Ct. at 1370. Thus, while Georgia voluntarily entered into a consent agreement with Akins to give him annual reconsideration, that relief is not necessarily required by the Constitution for all inmates serving life sentences. The State of Georgia did not agree to give annual consideration to all inmates serving life sentences when it entered into the consent decree with Akins.

The particularized inquiry into the effect of the amended rule on a inmate's sentence required by <u>Garner</u> ensures that Swan's claims cannot have a common factual basis with the claims in Akins' second lawsuit. If Swan thinks the 1985 amendment as applied to him violates the Ex Post Facto Clause, he can attempt to establish that in a separate lawsuit.

For these reasons, the district court did not abuse its discretion in denying Swan's motion for joinder and that order is AFFIRMED.