Joan **HANGARTER**, Plaintiff,

v.

The **PAUL REVERE LIFE INSURANCE COMPANY,** et al., Defendants.

No. C 99–5286 JL.

United States District Court, N.D. California.

Oct. 27, 2003.

---

Ray Bourhis, Jill K. Schlichtmann, Alice J. Wolfson, Bourhis Wolfson & Schlichtmann, San Francisco, CA, Daniel U. Smith, Daniel U. Smith Law Offices, Kentfield, CA, for Plaintiff.

Horace W. Green, Peter E. Romo, Jr., Eric R. McDonough, Seyfarth Shaw LLP, San Francisco, CA, Lori K. Bernard, Barger & Wolen LLP, San Francisco, CA, Evan M. Tager, Mayer Brown Rowe & Maw, Washington, DC, for Defendants.

## ORDER

LARSON, United States Magistrate Judge.

Plaintiff's Application for Order to Show Cause re Contempt, Defendants' Motion for Leave to Conduct Discovery to Oppose Application and Defendants' Motion for Reassignment to District Judge came on for hearing before this Court on August 20, 2003. The Court denied the application and motion to take discovery and granted the request for reassignment to a district judge from the bench. At the parties' request, the Court hereby provides the rationale for its decision.

In brief, Laurie Hindiyeh and Eugene Molfino's motion was denied, as an improper attempt without leave of court to amend the complaint in the *Hangarter* action to add plaintiffs after entry of judgment, as forum-shopping, and as an attempt to circumvent the assignment process. Furthermore, Plaintiffs are seeking precisely the relief which was denied in this court's Order in which it issued an injunction: reopening of claims files of claimants who were denied benefits.

Since these are new claims, the issue of consent arises. Defendant declines to consent. Therefore Defendants' Motion for Reassignment is granted.

### Factual and Procedural Background

A jury verdict was entered in the case of *Joan Hangarter v. Paul Revere Life In-*surance Co., which this Court affirmed by its order of November 12, 2002, *Hangarter*, 236 F.Supp.2d 1069 (N.D.Cal.2002). Part of that order was the following injunction:

> The court finds it more appropriate in this instance to order Defendants to obey the law, and hereby enjoins them from future violations, including but not limited to, targeting categories of claims or claimants, employing biased medical examiners, destroying medical reports, and withholding from claimants information about their benefits. *Id.* at 1110

The *Hangarter* case is on appeal to the U.S. Court of Appeals for the Ninth Circuit.

### Application by Hindiyeh and Molfino

Laurie Hindiyeh and Eugene Molfino filed an Application for an Order to Show Cause re Contempt against Defendants under the caption of the *Hangarter* case. Hindiyeh and Molfino present their own declarations and exhibits including declarations from several plaintiffs' attorneys claiming improper denial of disability insurance benefits from policies issued by UnumProvident Corporation or its subsidiaries.

Hindiyeh and Molfino ask this Court for the following:

1) An order directing defendants to reopen any and all individual disability claims field by its insureds in California and denied or terminated subsequent to November 12, 2002;

2) An order directing Defendants to reopen any and all ERISA claims filed by its insureds in California and denied or terminated subsequent to November 12, 2002;

3) An order establishing a procedure for the review and reconsideration of all ERISA claims denied, terminated or rejected, or claims whose appeals were de-

nied, terminated or rejected, subsequent to November 12, 2002;

4) An order requiring Defendants to provide notices to said insureds so as to allow review, reprocessing and re-evaluation of their claims;

5) An order setting aside a fund in a sufficient amount for the payment of all said claims in question;

6) An order disgorging all the profits realized [by] Defendants pursuant to the illegal conduct complained of herein;

7) Any other and further equitable relief deemed necessary by the court;

8) Attorney's fees incurred to obtain the relief under Code of Civil Procedure section 1021.5 or in the discretion of the Court;

9) Costs of suit; and

10) Such other and further relief as the Court deems just and proper to compel Defendants to comply with this Court's orders. (Application for Order to Show Cause)

Hindiyeh and Molfino proffer their declarations and the declarations of attorneys Thornton Davidson, Teresa Renaker, Jeffery C. Metzger, Melvyn Silver, Ruth Taube, and Ray Bourhis. (Application for Order to Show Cause)

 Hindiyeh and Molfino ask the Court to exercise its inherent powers to enforce its injunction, which has not been stayed and so has remained in full force since November 12, 2002. An injunction often requires continuing supervision by the issuing court. *System Federation No. 91, Ry. Emp. Dept., AFL–CIO v. Wright,* 364 U.S. 642, 647, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961). A district court has continuing jurisdiction to enforce its injunction. *Crawford v. Honig,* 37 F.3d 485 (9th Cir. 1994). An injunction is enforced through the court's civil contempt power. *Florida Association for Retarded Citizens, Inc. v. Bush,* 246 F.3d 1296, 1298 (11th Cir.2001)

Hindiyeh and Molfino contend that Defendant UnumProvident Corporation and its subsidiaries are subject to this court's jurisdiction and that Defendants continue to violate the injunction and that they, as aggrieved citizens, may seek the court's enforcement of Cal. Bus. & Prof.Code § 17200 against Defendants.

**Opposition by Defendants**

Defendants oppose the application on the basis that Hindiyeh and Molfino have used the Order to Show Cause as a means to bypass this district's assignment procedures and deprive them of their Constitutional right to a trial before a judge appointed under Article III of the U.S. Constitution, as provided by Civil Local Rule 3–2, General Order 44, Rule 73 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 636©). Defendants do not consent to the jurisdiction of a U.S. Magistrate Judge for resolution of the application and contend that their consent in the *Hangarter* case does not apply to Hindiyeh and Molfino, as either newly-joined plaintiffs or intervenors. They accuse Hindiyeh and Molfino of engaging in impermissible forum-shopping. Had the would-be plaintiffs filed a proper complaint, their case would have been randomly assigned to a district judge. This Court notes for the record that each newly-filed civil case in this district is randomly assigned to either a district judge or a magistrate judge (General Order 44). The Court also notes for the record that Hindiyeh and Molfino have not filed a new civil case.

Defendants claim that Hindiyeh and Molfino were never parties to the *Hangarter* case, although they concede that "if they had attempted to simply join in Hangarter's breach of contract and bad faith claims, Defendants' prior consent would suffice under the case law cited above." (Having previously cited *Nasca v. People-*

*soft,* 160 F.3d 578, 579 (9th Cir.1998); *Mark I, Inc. v. Gruber,* 38 F.3d 369 (7th Cir.1994); *Columbia Record Prods. v. Hot Wax Records, Inc.,* 966 F.2d 515, 517 (9th Cir.1992); *Aldrich v. Bowen,* 130 F.3d 1364, 1365 (9th Cir.1997) *Estate of Conners v. O'Connor,* 6 F.3d 656, 658 (9th Cir.1993) (Def. P & A at 4). In a recent decision the U.S. Supreme Court in *Roell v. Withrow,* 538 U.S. 580, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003), held that consent to the jurisdiction of a magistrate judge may be inferred from the conduct of the parties.

Defendants request that the application submitted by Hindiyeh and Molfino be treated as a new matter and referred to a district court judge for adjudication in accordance with Civil L.R. 3–2 and FRCP 73, and that a magistrate judge be assigned only as provided in 28 U.S.C. § 636. Accordingly, Defendants request that this Court refrain from ruling on the application and refer it for reassignment to an Article III judge.

### Legal Analysis

■ Rarely, courts will permit joinder of parties after entry of judgment.

The U.S. Supreme Court did not overrule an order permitting joinder of a new defendant after entry of judgment, but it did find the new defendant was entitled to the same due process as the others, and was not subject to immediate entry of judgment against him. The Court reversed a Court of Appeals affirmance of an amended judgment. The trial court had permitted a plaintiff to join a defendant after entry of judgment against the other defendants. The trial court almost immediately found the new defendant liable and entered judgment against him as well.

The Circuit Court affirmed, while finding that it was unusual to add a party after entry of judgment. The court concluded that there was little the defendant could have done to stave off entry of judgment against him. *Ohio Cellular Prods. Corp.*

*v. Adams USA, Inc.,* 175 F.3d 1343 (Fed. Cir.1999). (It was "uncommon," the appeals court acknowledged, to add a party after the entry of judgment). *Id.,* at 1348.

The Supreme Court reversed the Court of Appeals on due process grounds and held that, even though the new defendant had not objected to joinder, he should not have been denied due process. The trial court erred by not giving him time to respond to plaintiff's complaint before it entered judgment against him, having decided that there was nothing the new defendant could have done to avoid judgment. *Nelson v. Adams USA, Inc.,* 529 U.S. 460, 464–465, 120 S.Ct.,1579, 1583, 146 L.Ed.2d 530 (2000)

In order to amend a complaint to add a party after entry of judgment, even summary judgment, the court must consider such factors as justification for the delay, need for additional discovery and prejudice to the opposing party. Noting that liberality in granting amendments under Rule 15(a) of the Federal Rules of Civil Procedure must be tempered by the law's desire to eventually end particular litigation, in the absence of reasonable justification for the delay, courts have denied motions to amend a pleading which were not made until after summary judgment had been granted.

In an action for alleged misrepresentation in connection with a limited partnership, investors were not permitted to amend their complaint where the record was already extensive, discovery was protracted, clear issues had been defined in a summary judgment motion, and addition of new allegations would open all parties to more discovery, a further round of third-party complaints, and more cross-motions. *Kennedy v. Josephthal & Co., Inc.,* 635 F.Supp. 399 (D.C.Mass.1985), aff'd at 814 F.2d 798, (1st Cir.1987)

The Eleventh Circuit has held that a plaintiff may not join another plaintiff's suit seeking enforcement of a judgment obtained in a prior suit, when the second plaintiff was not a party to the first lawsuit and may not be entitled to the same relief. *Swan v. Ray*, 293 F.3d 1252 (11th Cir. 2002) (holding prison inmate not entitled to join other inmate's lawsuit and obtain enforcement of judgment of right to annual parole reconsideration since all inmates serving life sentences not necessarily entitled to same relief).

In the case at bar Hindiyeh and Molfino may not piggyback on Joan Hangarter's jury verdict, under the guise of a motion to find Defendants in contempt of this Court's injunction to obey California law, including the Unfair Insurance Practices Act, by way of the Cal. Bus. & Prof.Code § 17200.

▮ Hindiyeh and Molfino are seeking relief which was specifically denied in the original case: re-opening of claims files for all claimants who were denied disability benefits by Defendants. Hindiyeh and Molfino seek to re-open files of claimants who have been denied benefits since the entry of the injunction November 12, 2002. This Court denied similar relief sought in the original *Hangarter* complaint in its Order Affirming the Jury Verdict, in which the injunction appeared:

> "In bringing her cause of action under section 17200, Joan Hangarter, asked this Court to order Defendants to desist from unfair practices directed both at her and other policyholders, and to award her attorney fees and to provide other relief, including reopening investigations of other claims, refunding premiums and such other relief as the court found proper. After the trial on Plaintiff's other causes of action, the jury awarded Plaintiff substantial damages for her past and future monthly benefits, her emotional distress, her attorney's fees and punitive damages. In so doing the jury sent a significant message to the Defendants. This Court sees no need to supplement the jury's award. The court also finds it impracticable to fashion a consent decree or to *sua sponte* open an investigation into allegations by other policyholders. The court finds it more appropriate in this instance to order Defendants to obey the law, and hereby enjoins them from future violations, including but not limited to, targeting categories of claims or claimants, employing biased medical examiners, destroying medical reports, and withholding from claimants information about their benefits."

*Hangarter*, 236 F.Supp.2d at 1110.

Hindiyeh and Molfino request this Court to examine the merits of their disability claims and determine whether Defendants have rightly or wrongly denied them benefits. This is not relief that is available as part of the *Hangarter* lawsuit. This Court also finds it noteworthy that Hindiyeh and Molfino both appear to have claims governed by ERISA and that they specifically request this Court to order Defendants to re-open other claimants' ERISA claims. Hindiyeh and Molfino appear to be using this court and this ruling to obtain relief which might not otherwise be available from an ERISA claim.

### Conclusion

Plaintiffs' application for an order to show cause is denied, and Defendants' request for reassignment granted for these reasons:

1) Hindiyeh and Molfino are seeking impermissibly to amend the Hangarter complaint without leave of court to add new plaintiffs;

2) To add plaintiffs after entry of judgment would require new discovery and prejudice Defendants in the midst of ap-

peal of both the original verdict and this Court's order affirming that verdict and granting injunctive relief;

3) The relief sought by Hindiyeh and Molfino has been expressly denied in the original judgment in *Hangarter;* and

4) Defendants do not consent to assignment of this new matter, if filed, to a magistrate judge.

Consequently, Plaintiff's Application for Order to Show Cause re Contempt is denied, Defendants' Motion for Leave to Conduct Discovery to Oppose Application is denied, and Defendants' Motion for Reassignment to District Judge is granted.

IT IS SO ORDERED.