Yasmin **GONZALEZ, through her parent and next friend Frankie Michelle Gonzalez, and Jessica Donaldson, Plaintiffs,**

v.

**SCHOOL BOARD OF OKEECHOBEE COUNTY, Defendant.**

No. 06–14320–Civ–Moore/Lynch.

United States District Court, S.D. Florida.

May 19, 2008.

Randall C. Marshall, Robert F. Rosenwald, Jr., American Civil Liberties Union Foundation of Florida, Miami, FL, James D. Esseks, Kenneth Y. Choe, American Civil Liberties Union Foundation, New York, NY, for Plaintiffs.

David Charles Gibbs, III, Gibbs & Craze, Seminole, FL, for Defendant.

*ORDER GRANTING PLAINTIFFS'*
*MOTION TO ALTER*
*JUDGMENT*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion to Alter Judgment (dkt. # 94).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

This is an action arising from the inability of the Gay–Straight Alliance of Okeechobee High School (the "GSA") to gain official recognition as a non-curricular school club within Okeechobee High School ("OHS"). The students interested in participating in the GSA complied with the requirements to gain access and recognition for a school club at OHS, but Ms. Wiersma, the Principal of OHS, refused to grant such recognition. In a letter to Principal Wiersma, dated October 19, 2006, the students, through counsel, advised Principal Wiersma of their right to receive recognition as a school club pursuant to 20 U.S.C. § 4071. However, no such recognition was ever given. On November 15, 2006, the GSA and one of its members, Yasmin Gonzalez ("Gonzalez"), filed a Complaint against the School Board of Okeechobee County ("SBOC") (dkt. # 1) seeking equitable relief and nominal damages. A preliminary injunction was granted on April 6, 2007 (dkt. # 36), ordering SBOC to grant the GSA official recognition and all corresponding benefits. On March 11, 2008, the GSA was voluntarily dismissed as a Plaintiff (dkt. # 72) because it no longer had any student members at OHS and Yasmin Gonzalez became the sole remaining Plaintiff. On March 18, 2008, the preliminary injunction was dissolved (dkt. # 79). In an Order dated April 8, 2008 (dkt. # 92), Jessica Donaldson, a member of the GSA during the period giving rise to the claims, was allowed to join as a Plaintiff. Plaintiffs' only remaining claim is for nominal damages for the injuries allegedly suffered by SBOC's failure to recognize the GSA as a student organization.

## II. STANDARD OF REVIEW

■ On a motion for reconsideration, a party must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993). Federal Rules of Civil Procedure, Rule 20(a) provides, in relevant part:

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "The Federal Rules, however, also recognize countervailing considerations to judicial economy." *Alexander,* 207 F.3d at 1324. A motion for joinder may be denied if it would result in "prejudice, expense or delay." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652, at 396 (2001). "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir.2002).

## III. ANALYSIS

Plaintiffs seek to alter this Court's Orders dated April 8, 2008 (dkt. # 92), and April 9, 2008 (dkt. # 93), wherein Brittany Martin

("Martin") was denied permission to join as a plaintiff, and the case was dismissed because of mootness. Plaintiffs' Motion to Alter Judgment (dkt. # 94) is based on information that Plaintiffs did not present to this Court in their Motion for Permissive Joinder (dkt. # 73) or Reply in Support of Plaintiff's Motion for Permissive Joinder (dkt. # 90). Plaintiffs now state that on March 26, 2008, Principal Wiersma refused an attempt by Brittany Martin to gain recognition of the GSA as a student organization within OHS. Although Plaintiffs state that this Court denied Martin permission to join "before plaintiffs had an opportunity to submit a reply in support of their motion," Plaintiffs filed their reply on April 7, 2008, prior to this Court's Order denying Martin permission to join and nearly two weeks after the denial by Principal Wiersma. It is nevertheless incumbent upon this Court to consider the ramifications of this information on the prior Orders denying Martin permission to join (dkt. # 92) and dismissing the action for lack of subject matter jurisdiction because of mootness (dkt. # 93).

This Court denied Martin permission to join because she was not a member of the GSA at the time of the alleged injuries giving rise to this action, and because there were no allegations that Martin had attempted to gain recognition for the GSA as a student organization at OHS and suffered injury as a result. In light of the facts now presented by Plaintiffs, the latter premise appears to be inaccurate. SBOC contends that its denial of recognition was based on a policy of denying recognition to any new student organization seeking recognition for the first time during the latter part of the school year and that two other student groups had also been denied recognition based on this policy. *See* Def.'s Mem. in Resp. To Pl.s' Mot. to Alter J., at *3–4. However, the GSA was not a new student group seeking recognition for the first time. Pursuant to this Court's preliminary injunction (dkt. # 36), the GSA had been established and received recognition as a student group within OHS since April 6, 2007. From the beginning of the 2007–08 school year until March 7, 2008, SBOC recog-

nized the GSA as an authorized student organization.

Whether SBOC's policy of denying recognition to student groups seeking recognition late in the year applies to student organizations that have already received recognition during the same school year is a matter purely within SBOC's discretion. However, given SBOC's stated intent of denying recognition to the GSA pursuant to Policy 4:30(D), drafted during the course of this litigation, there is ample reason to believe that SBOC's late application policy would be construed to apply to the GSA regardless of the policy's actual scope, which is impossible for this Court to determine given that it is apparently unwritten.[1] In light of SBOC's explicit policy determination to deny recognition to the GSA, this Court finds that SBOC would have denied recognition to the GSA even in the absence of its stated policy of denying student group access late in the school year. Therefore, Martin may properly challenge SBOC's application of Policy 4.30(D) because her request would have been denied at any time during the school year.

 Moreover, even assuming the policy of denying student groups recognition late in the year is a permissible ground on which to deny recognition of the GSA, Martin's claim would nevertheless be justiciable as a preenforcement challenge to Policy 4.30(D). A pre-enforcement challenge is only justiciable when "the conflicting parties present a real, substantial controversy which is definite and concrete rather than hypothetical and abstract." *Am. Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1491–92 (11th Cir.1993) (quotation marks omitted). "A plaintiff in a pre-enforcement challenge [must] demonstrate 'a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement.'" *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1245 (11th Cir.1998) (quoting *Am. Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir.1993)). A plaintiff meets this standard by demonstrating: (1) threatened application of the statute or policy; (2) that application of the statute or policy is likely;

---

1. SBOC has not cited the specific language of any such policy.

or (3) a credible threat of application. *Leahy,* 145 F.3d at 1245; *ACLU,* 999 F.2d at 1492.

■ "The injury requirement is most loosely applied-particularly in terms of how directly the injury must result from the challenged governmental action-where first amendment rights are involved, because of the fear that free speech will be chilled even before the law, regulation, or policy is enforced." *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale,* 922 F.2d 756, 760 (11th Cir.1991); *see Solomon v. City of Gainesville,* 763 F.2d 1212 (11th Cir.1985) (allowing pre-enforcement challenges to local ordinance based on first amendment); *Int'l Soc'y for Krishna Consciousness of Atlanta v. Eaves,* 601 F.2d 809, 817 (5th Cir.1979) (same). Here, the recent adoption of SBOC's Policy 4.30(D), SBOC's past refusals to recognize the GSA, and deposition statements concerning its intent to continue denying the GSA recognition as a student organization are sufficient to establish a realistic danger of direct injury. Therefore, even construed as a pre-enforcement challenge, rather than a claim based on an existing injury, Martin's claim is justiciable.

■ The remaining question is whether the most satisfactory course of action is to grant Martin permission to join at this late stage in the proceedings or to deny permission and require her to seek relief by initiating a new cause. Permitting Martin to join would require this Court to reopen discovery for her deposition and allow the Parties to re-file motions for summary judgment, thereby necessitating continuance of the trial date. Denying Martin permission to join would require her to initiate a new action seeking equitable relief and damages, the evidence for which would be nearly identical to the evidence that will be presented in this action. Moreover, unless the new claim concludes prior to Martin's graduation in Spring of 2009, the claim for equitable relief will become moot unless yet another student steps in.

This Court finds that Martin satisfies the requirements of Rule 20(a) because she seeks relief based on the same series of transactions and occurrences giving rise to Plaintiffs' claims. Whether a claim falls within the same series of transactions or occurrences depends on their logical relationship rather than their proximity in time. *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1323 (11th Cir.2000) (finding that a general policy of race-based discrimination met the requirements of Rule 20). There is no meaningful difference between SBOC's past refusals to recognize the GSA as a student organization within OHS and Martin's alleged injury caused by SBOC's refusal of her request for GSA recognition or to the injury that would result from SBOC's denial at the beginning of next school year. Moreover, although Rule 20(a) only requires that plaintiffs have any question of law or fact in common, here, the questions of law and fact are nearly identical. Accordingly, Martin meets Rule 20(a)'s requirements for permissive joinder.

Taking into consideration the need to re-open discovery to allow the Parties to depose Martin, the limited impact joinder of Martin is likely to have on motions for summary judgment, the inclination of the Federal Rules to entertain the broadest possible scope of action consistent with fairness to the parties, the importance of permitting Martin to seek vindication without initiating a new action, and despite Plaintiffs' dilatory notification to this Court that Martin sought and was denied recognition for the GSA, and the absence of a good cause for failing to provide this Court with such notice at an appropriate stage of the proceedings, this Court finds that joinder of Martin is in the interest of judicial economy and will not result in undue prejudice to the parties. Therefore, Plaintiffs claims are not moot because Martin is currently enrolled in OHS and may seek equitable relief.

■ Plaintiffs also assert that nominal damages are available for First Amendment violations. In 1980, the Fifth Circuit unequivocally held that nominal damages are available for violations of the First Amendment. *Familias Unidas v. Briscoe,* 619 F.2d 391, 402 (5th Cir.1980). A panel decision is binding on subsequent panels and can only be overturned by the Court sitting en banc. *Morrison v. Amway Corp.,* 323 F.3d 920, 929 (11th Cir.2003). When there is a conflict

between panels within a circuit, the holding of the earliest case should be applied. *Id.* Fifth Circuit precedent prior to October 1, 1981, is binding on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981). Therefore, this Court looks to the holding in *Familias Unidas* and finds that nominal damages are available in a § 1983 action for violations of the First Amendment.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Alter Judgment (dkt. # 94) is GRANTED. Martin is joined as a Plaintiff and the Complaint is hereby REINSTATED. The Clerk of Court is instructed to RE-OPEN this case. The pretrial conference and calendar call is rescheduled for August 21, 2008 at 2:00 p.m. The trial date is rescheduled for September 2, 2008. Dispositive motions must be submitted no later than 60 days before trial. Martin's deposition must be completed no later than 70 days before trial. Discovery is reopened for Martin's deposition only. All matters pertaining to discovery are REFERRED to United State Magistrate Judge Lynch.