[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14822
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61115-CV-DTKH

PETER J. CORINES,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S DEPARTMENT,

Defendant,

UNKNOWN NAMED AGENTS, ET AL.,
FORT LAUDERDALE POLICE AND MARINE DIVISION,
R. BLISH,
Officer,
J. HANCOCK,
Officer,
TIMOTHY J. BABBITT,
Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 14, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Peter J. Corines appeals pro se the summary judgment in favor of Officers

Robbie Blish, James Hancock, Timothy Babbitt, and Sergeant Michael O'Connor

of the Fort Lauderdale Police Department, and against Corines's complaint of false

arrest and false imprisonment. 42 U.S.C. § 1983. The district court concluded that

the officers had probable cause to arrest Corines. We affirm.

## I. BACKGROUND

Corines owned a yacht worth about $250,000 and failed to make mortgage

payments on the vessel. In February 2001, the mortgagor, Charter One Bank,

enlisted National Marine Liquidators to repossess the yacht. Later that month,

Jason Lessnau, a recovery manager for National Liquidators, moved the yacht to a

dock owned by the company.

On March 2, 2003, Corines spoke with Dorreen Arra, a representative of

Charter One, who told Corines that the bank had repossessed the yacht. The next

2

day, Corines wrote the bank in an effort to refinance the yacht. In the letter, Corines stated that Lessnau had told Corines that he could reclaim the yacht if he paid the outstanding balance on the mortgage within ten days. Meanwhile, National Liquidators wrote Corines to arrange the transfer of personalty that was on the yacht.

On March 14, 2003, Corines arrived at the dock under the guise of collecting his personalty. Corines had a set of keys to the yacht and proceeded to drive the yacht away from the dock. National Liquidators contacted the police and requested that they stop the yacht. Officers Blish and Hancock intercepted Corines and ordered him to heave to a landing.

According to Officer Hancock, Corines stated that he owned the yacht and produced registration forms for the vessel. The officers did not question whether Corines held title to the yacht, but inquired whether he had legal possession of the yacht. Corines offered to prove that he had satisfied his outstanding mortgage, but produced only photocopies of checks.

Thomas Plachter, an employee of National Liquidators, drove to the scene. Plachter told the police that the yacht had been repossessed by National Liquidators and produced documents to support his claim to the vessel. Included in the documents was an affidavit executed by Doreen Arra that stated she

3

"desire[d] to prosecute" Corines.

The officers placed Corines under arrest for grand larceny, detained him overnight, and released him the next day. A further investigation revealed that Corines had reached an agreement with Charter One for repayment of the mortgage. The State of Florida did not prosecute Corines.

Corines filed a complaint that alleged that he had been falsely arrested and falsely imprisoned by the Broward County Sheriff and unknown agents of the Sheriff's Department and the Fort Lauderdale Police and Marine Divisions. Corines later amended his complaint to name as defendants Officers Blish, Hancock, Timothy Babbit, Sergeant Michael O'Connor, and John Doe officers. The district court dismissed for failure to state a claim the complaint against the Broward County Sheriff.

Corines moved to join as indispensable parties Charter One Bank and its employee Doreen Arra and National Liquidators, and its employees Jason Lessnau and Thomas Plachter. Corines alleged that the bank, repossession company, and their employees conspired with the police to arrest Corines for financial gain. A magistrate judge denied Corines's motion on the basis that the proposed defendants were not state actors and Corines had failed to allege with specificity the purported conspiracy. Corines filed an amended motion to join and alleged that the proposed

defendants acted under color of state law because they made false statements to the officers and swore to false affidavits. The magistrate judge denied the motion on two grounds: (1) Corines failed to allege a conspiracy because providing false information to police officers did not convert the private parties into state actors and (2) a settlement agreement reached in a separate civil lawsuit barred Corines from further litigation against Charter One and National Liquidators. Corines objected to the decision, but the district court overruled the objection and ruled that Corines failed to allege there was an understanding between the proposed defendants and the police because "by [Corines's] own admission, the officers did not understand that the information being provided was false."

Corines moved to compel the Fort Lauderdale Police Department and the officers to produce documents related to his arrest. Corines complained that the Department had not produced any documents, and the officers had provided Corines with only one investigative report during their depositions. Corines also complained that, although counsel for the officers had produced six pages of documents, he did not know whether other documents existed that had not been produced. The officers responded that they had provided all documents in their possession. The magistrate judge denied the motion as untimely because it was filed after discovery ended.

Corines filed a second motion to compel and argued that the Department and the officers might have tape-recorded witness statements and other documents. Corines acknowledged that the officers had "technically" complied with the subpoena. The officers repeated from their earlier response that they had produced all documents in their possession. The magistrate judge denied the motion "for the reasons stated . . . in the defendants' response."

The officers moved for summary judgment. The officers asserted the defense of qualified immunity and argued that they had probable cause and, in the alternative, arguable probable cause, to arrest Corines. The officers submitted several documents in support of their motion, including the offense incident report, an affidavit executed by Plachter, and excerpts of the depositions of Corines, Hancock, and Blish. The incident report stated that the police had received a call reporting Corines's yacht stolen from National Liquidators and, after Corines was discovered and ordered to dock the yacht, Plachter produced documents to establish the claim of National Liquidators to the vessel and signed a complaint to prosecute Corines. The report was executed on March 14, but Officer Babbitt waited five days, until March 19, to certify the complaint. Plachter stated in his affidavit that he had told the officers to arrest Corines for stealing the yacht. In their depositions, Officers Hancock and Blish testified that Corines produced

6

documents to prove that he owned the yacht, but Plachter produced evidence that National Liquidators was in rightful possession of the yacht. Both Hancock and Blish testified that Plachter executed the victim affidavit at the scene. Officer Blish testified that he failed to adhere to usual procedures to witness the affidavit at the scene. Corines testified at his deposition that he was neither told he could or could not take the yacht and that he saw Plachter sign the affidavit for his arrest.

Corines filed a joint response and cross-motion for summary judgment. Corines argued that an issue of fact existed about whether the officers had probable cause to arrest him; challenged the evidence in support of the arrest; and complained that the officers failed to adequately investigate his claim of ownership. In his motion for summary judgment, Corines argued that the officers lacked probable cause to arrest him because he was entitled to possess the yacht. Corines submitted several documents with his motion, two of which were relevant to his argument that the officers lacked probable cause: (1) an affidavit in which Corines stated that he had paid the outstanding balance on his mortgage before he reclaimed the yacht and that the officers denied Corines an opportunity to establish that he was in rightful possession of the vessel, and (2) the deposition of Officer Babbitt in which he admitted that he was off duty on the day of Corines's arrest and that he should not have witnessed Plachter's victim affidavit.

A magistrate judge recommended that the district court grant summary judgment in favor of the officers. The magistrate concluded that the officers had probable cause and, in the alternative, arguable probable cause, to arrest Corines. The district court granted summary judgment in favor of the officers.

## II. STANDARDS OF REVIEW

We review a summary judgment de novo and view all evidence in the light most favorable to the non-moving party. Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009). "'With the facts so construed, we have the plaintiff's best case in hand, and therefore, material issues of disputed fact are not a factor in the court's analysis of qualified immunity and cannot foreclose the grant or denial of summary judgment based on qualified immunity.'" Id. (internal quotation marks omitted (quoting Bates v. Harvey, 518 F.3d 1233, 1239 (11th Cir. 2008)). We review the denial of motions to compel discovery and to join parties for an abuse of discretion. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam) (joinder); Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001) (discovery).

## III. DISCUSSION

Corines challenges three rulings of the district court. First, Corines argues that the officers lacked probable cause to arrest him. Second, Corines argues that

he was entitled to further discovery from the officers. Third, Corines argues that Charter One, National Liquidators, and their employees qualified as state actors and should have been added as defendants. These arguments fail.

The existence of probable cause creates an absolute bar to an action for false arrest and false imprisonment under section 1983. Eslinger, 555 F.3d at 1326–27; Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir. 1990). Probable cause to arrest exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998) (internal quotation marks omitted (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995)). This standard is practical and applied with the understanding that, if a police officer conducts a reasonable investigation, his ultimate judgment rests on the "probabilit[y]" of guilt "as understood by those versed in the field of law enforcement." Illinois v. Gates, 462 U.S. 213, 231–32, 103 S. Ct. 2317, 2328–29 (1983).

The district court correctly granted summary judgment in favor of the officers. After National Liquidators reported the yacht stolen, its representative, Plachter, met with the officers at the site where Corines landed the yacht, produced

documents that established that National Liquidators had repossessed the yacht on behalf of Charter One, and executed a victim affidavit to prosecute Corines. A reasonable officer could have objectively concluded that Corines had committed a grand larceny under state law. See Fla. Stat. § 812.014. Because the officers had probable cause to arrest Corines, his complaint of false imprisonment also fails. Eslinger, 555 F.3d at 1330.

The district court did not abuse its discretion by denying Corines's motion to compel discovery. The officers assert that they produced all documents in their possession. Corines speculates that other relevant evidence exists, but he does not explain the relevance of additional documents or how they would lead to the discovery of relevant evidence. See Porter v. Ray, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit [a party] to go on a fishing expedition.").

The district court also did not abuse its discretion when it denied Corines's motion for joinder. A district court may join to an action as a defendant persons or entities when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Corines argues that Charter One, National Liquidators, and their employees were transformed into

10

state actors when they conspired with the officers to seize his yacht, but he failed to allege that the proposed defendants and the officers "'reached an understanding' to deny [Corines] his . . . rights." NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990). Corines instead alleged that the proposed defendants provided false information to the officers. Corines also argues that Jason Lessnau was a state actor by virtue of his state license to repossess, but "licensing and regulation are not enough to transform private [parties] into state actors for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1132 (11th Cir. 1992). Corines failed to state a claim against the proposed defendants.

## IV. CONCLUSION

The summary judgment in favor of the officers is **AFFIRMED**.