[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14152

Non-Argument Calendar

_____

DAVID CHARLES SUSSMAN,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cv-00367-WS-HTC

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

David Sussman, a Florida prisoner proceeding *pro se*, appeals the district court dismissal of his civil rights complaint under 28 U.S.C. § 1915(g), as well as the denial of his motion to join his case with *Harvard v. Inch*, 4:19-cv-212 (N.D. Fla. 2019) (hereinafter "*Harvard*"), a pending action in the same district.  Sussman raises two contentions on appeal.  First, Sussman contends that the district court erred in denying his motion to join his case with *Harvard*.  Secondly, he contends that the district erred in concluding that his complaint did not allege an imminent danger of serious physical injury under 28 U.S.C. § 1915(g).

We will address each contention in turn.

I.

A district court's decision regarding the indispensability of parties is normally reviewed for abuse of discretion. *United States v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005). Likewise, a district court's denial of a motion for joinder is normally reviewed for abuse of discretion. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).  "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices."  *Id.* Even if claims are properly joined, a district court retains discretion to sever distinct and separate claims. *See* Fed. R. Civ. P. 21, 42(b).

We also generally review a denial of permissive intervention for a "clear abuse of discretion." *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008). A district "court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Generally, "[p]ermissive intervention under [Rule] 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005). However, "it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dept. of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (quotation omitted).

A federal court cannot decide a "moot" controversy, however. *See Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1086 (11th Cir. 2004). Thus, a court has an independent duty to ensure that a case or claim is not moot. *See id.* at 1083, 1086. A claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 1086. This can happen when events after the filing of a pleading "deprive the court of the ability" to provide "meaningful relief." *Id.*

Here, Sussman's "motion to join" did not specify any specific rule of civil procedure.  However, we conclude that the magistrate judge correctly concluded that an earlier ruling in *Harvard* rendered his present motion moot.  In any event, after reviewing Sussman's action and *Harvard*, we cannot say that denying Sussman's motion to join was outside "the district court's range of choices." *Swan*, 293 F.3d at 1253.  Accordingly, we affirm in this respect.

## II.

We review a district court's dismissal under the PLRA's "three strikes" provision *de novo*. *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017).  That provision provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

When determining whether a plaintiff has met this burden, we look to the plaintiff's complaint, construing it liberally and accepting the allegations as true, and ask, "whether his complaint, as a whole, alleges imminent danger of serious physical injury."

*Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004). However, we do not take "wildly implausible allegations" to be true. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Here, the district court properly concluded that Sussman was a "three-striker," because he had more than three civil cases dismissed as frivolous or for failure to state a claim. Nevertheless, viewing his *pro se* complaint as a whole and accepting his plausible allegations as true, we conclude that he alleged an imminent danger of serious physical injury under § 1915(g). Specifically, he alleged that his sex offender status put him in danger, that officials knew this, and that they nonetheless encouraged attacks against him and failed to protect him from attacks by dangerous inmates. While it is a close call, these claims are arguably not so "wildly implausible" that we should not treat them as true. *Miller*, 541 F.3d at 1100.

Therefore, it was error for the district court to dismiss his complaint at this stage. Because the district court addressed only the issue of the three strikes bar and its exception, we address only this issue on appeal.[1]

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS**

---

[1] We deny Sussman's "Motion for order directing DOC to respond; and notice of inquiry" as moot.